CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
February 12, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Highland Capital Trust, *by and through Trustee Patricia L. Wright*,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Patrick E. Berrang *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 5:25-cv-00147 |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Highland Capital Trust's motion to recuse District Judge Jasmine H. Yoon and Magistrate Judge Joel C. Hoppe, (Dkt. 2), and emergency motion for temporary restraining order and preliminary injunction, (Dkt. 3). The court will **REMAND** this action to the Circuit Court of Highland County and **DENY** both motions as moot.

This case arose when Highland Capital Trust, by and through trustee Patricia L. Wright, filed a notice of removal, seeking to bring a state-court real property partition action into federal court. (Dkt. 1.) This is the latest in a series of attempts by Wright to remove this state proceeding here. *See, e.g., Berrang v. Wright*, No. 5:25-cv-00056, 2025 WL 1805335 (W.D. Va. June 30, 2025); *Wright v. Select Bank*, No. 5:25-cv-00021, 2025 WL 837354 (W.D. Va. Mar. 17, 2025). The court has rejected each attempt. And the court does so again here—for reasons it has already explained. *Berrang*, 2025 WL 1805335 at *2-3 (noting the court's lack of subject matter jurisdiction over this state action and Wright's failure to comply with the removal

statute); *Wright*, 2025 WL 837354 at *2-3 (discussing the inapplicability of 28 U.S.C. § 1443). For these reasons, the court will *sua sponte* remand this action for lack of subject matter jurisdiction. *Doe v. Blair*, 819 F.3d 64, 66–67 (4th Cir. 2016) ("[A] district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time.").

The court must remand for an additional reason. "It is well-established that non-parties cannot remove a state action to federal court." *Brown v. Doe*, No. 0:17-CV-02333-MBS, 2018 WL 316714, at *3 (D.S.C. Jan. 8, 2018). But Highland Capital Trust is not a party in the underlying state-court proceedings. This entity was not named as a defendant in the state-court complaint. (Dkt. 5 at 2.) Instead, Wright apparently started signing filings as "Highland Capital Trust" in various "special appearance[s]." (*See, e.g., id.* at 438, 455, 457.) Because it is a non-party to the underlying state action, Highland Capital Trust had no authority to remove this action in the first place.[1]

For the foregoing reasons, the court **REMANDS** this action to the Circuit Court of Highland County for lack of subject matter jurisdiction and **DENIES** all pending motions as moot.

The Clerk is directed to send a copy of this Order to all counsel of record.

**ENTERED** this 12th day of February, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[1] Even if this case had been properly removed, Wright lacks standing to represent Highland Capital Trust *pro se*. "A trustee cannot represent a trust *pro se* in federal court." *Bey v. Michael*, No. 3:20CV918 (DJN), 2021 WL 864765, at *3 (E.D. Va. Mar. 8, 2021). "[A]n individual's right to appear on his own behalf constitutes a privilege personal to him .... [and] does not give him authority to appear as an attorney for another." *Id.*